UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TORRES-HURTADO,<br><br>    Petitioner,<br><br>  v.<br><br>RAFAEL ZUNIGA,<br><br>    Respondent. | Case No.: 1:16-cv-01354-LJO-JLT (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE<br>(Doc. 17)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR SUMMARY JUDGMENT<br>[Doc. 18]<br><br>[TWENTY-ONE DAY OBJECTION DEADLINE] |

On November 30, 2016, Respondent filed a motion to dismiss the petition as successive. (Doc. 17.) To date, Petitioner has not filed an opposition to the motion to dismiss. However, on December 8, 2016, Petitioner filed a motion for summary judgment claiming Respondent failed to timely respond. (Doc. 18.) Because the Court finds the petition is successive, it recommends that it be **DISMISSED**.

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

1

if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss after the court orders a response, and the court should use Rule 4 standards to review the motion.  Id.

In this case, Respondent's motion to dismiss is based upon a claim that the petition is successive and violates the "abuse of the writ" doctrine.  Because Respondent's motion to dismiss is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.  Successive Petition

Title 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination.  See Valona v. United States, 138 F.3d 693, 694–695 (9th Cir.1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); Chambers v. United States, 106 F.3d 472, 475 (2d Cir.1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

AEDPA's bar against successive petitions has been referred to as a modified res judicata rule placing limits on the traditional habeas corpus rule against "abuse of the writ," a "complex and evolving body of equitable principles informed and controlled by historical usage, statutory developments, and judicial decisions." Felker v. Turpin, 518 U.S. 651, 664 (1996) (citing McCleskey v. Zant, 499 U.S. 467, 489 (1991)).  The abuse of the writ doctrine "'forbids the reconsideration of

claims that were or could have been raised in a prior habeas petition.'" Alaimalo v. United States, 645 F.3d 1042, 1049 (9th Cir. 2011) (emphasis added) (quoting Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 538 (9th Cir. 1998) (en banc).  If a successive petition is filed, dismissal is warranted. Queen v. Miner, 550 F.3d 253, 255 (3d Cir.2008); Chambers, 106 F.3d at 475.

In the instant petition, Petitioner challenges the Bureau of Prisons' failure to award him all of the credits to which he claims he is entitled based upon two separate federal convictions and sentences, imposed at different times, but which were ordered to be served concurrently by the latter sentencing court.  However, Petitioner presented this identical claim to the United States District Court for the Northern District of West Virginia, in Jose Torres-Hurtado v. Warden Kuma Deboo, Case No. 2:10-cv-00008-REM-JES, which, on May 3, 2010, reviewed the petition on its merits and denied it with prejudice.  (Resp't's Mot. to Dismiss., Ex. 6).  Petitioner also presented these same challenges to this Court in Case No. 1:14-cv-00145-JLT.  On May 14, 2014, the undersigned dismissed that petition as successive.  Accordingly, the instant petition for writ of habeas corpus should also be dismissed with prejudice as successive and an abuse of the writ.  That being so, the Court will not address the merits of the petition.

C. Petitioner's Motion for Summary Judgment

Petitioner filed a motion for summary judgment contending that Respondent did not adhere to the briefing schedule.  Petitioner's argument is not well-taken.  The Court ordered Respondent to file a response within sixty days of the date of service of the order.  The order was served on October 4, 2016.  Respondent filed a responsive pleading, the motion to dismiss, on November 30, 2016, which was within the sixty days provided.  Therefore, Petitioner's motion should be denied.

**RECOMMENDATION**

Based on the foregoing, the Court **RECOMMENDS** that Respondent's motion to dismiss the petition as successive and as an abuse of the writ be **GRANTED** and the petition be **DISMISSED WITH PREJUDICE**.  It is further recommended that Petitioner's motion for summary judgment be **DENIED**.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

Rules of Practice for the United States District Court, Eastern District of California.  Within twenty-one days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within ten court days (plus three days if served by mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 10, 2017**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE