UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TORRES-HURTADO,<br><br>   Petitioner,<br><br>   v.<br><br>RAFAEL ZUNIGA,<br><br>   Respondent. | No. 1:16-cv-01354-LJO-JLT (HC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**[Doc. No. 28]** |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the Court is Petitioner's motion for reconsideration of March 3, 2017.  Petitioner complains that he was not properly served with a copy of Respondent's motion to dismiss.  However, the Court considered all of Petitioner's arguments in opposition to Respondent's motion to dismiss which he had set forth in his objections.  Therefore, the motion will be DENIED.

**PROCEDURAL BACKGROUND**

On July 28, 2016, Petitioner filed the instant petition for writ of habeas corpus. (Doc. No. 1.)  On October 4, 2016, Respondent was directed to file a response to the petition. (Doc. No. 15.)  Respondent filed a motion to dismiss the petition on November 30, 2016, claiming the petition was successive. (Doc. No. 17.)  On December 8, 2016, Petitioner filed a motion for

1

summary judgment arguing that Respondent had failed to abide by time deadlines.[1] (Doc. No. 18.) On January 10, 2017, the Magistrate Judge issued a Findings and Recommendation to grant the motion to dismiss as successive. (Doc. No. 19.) In addition, the Magistrate Judge recommended that Petitioner's motion for summary judgment be denied because Respondent had in fact timely complied with all time deadlines set by the Court. On January 17, 2017, Petitioner filed a motion inquiring of the status of his motion for summary judgment stating he had not received any response from the government. (Doc. No. 20.) On January 19, 2017, the Magistrate Judge issued an order advising Petitioner that it had been recommended that his motion be denied, and that Respondent's motion to dismiss be granted. (Doc. No. 21.) He was further advised that the Findings and Recommendations were pending objections from the parties. On January 20, 2017, Petitioner filed a motion to extend time to file objections. (Doc. No. 22.) At this time, Petitioner stated he had not yet received a copy of Respondent's motion to dismiss. Before his motion was granted, Petitioner filed his objections to the Findings and Recommendation. (Doc. No. 24.) In said objections, Petitioner addressed Respondent's motion to dismiss and his arguments in support. (Doc. No. 24 at pp. 4-12.) On February 8, 2017, Petitioner's extension of time was granted *nunc pro tunc* to February 1, 2017. (Doc. No. 25.) On February 15, 2017, the Court considered the Findings and Recommendations along with Petitioner's objections. The Court adopted the Findings and Recommendations, granted the motion to dismiss, and denied the motion for summary judgment. On March 3, 2017, Petitioner filed the instant motion for reconsideration. (Doc. No. 28.)

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment."

---

[1] There was no indication in the pleading that Petitioner had not been served with a copy of the motion to dismiss. Petitioner's only argument was that Respondent had failed to abide by time deadlines.

1  Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be made within a reasonable time, in any
2  event "not more than one year after the judgment, order, or proceeding was entered or taken."  Id.
3       Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to
4  show the "new or different facts or circumstances claimed to exist which did not exist or were not
5  shown upon such prior motion, or what other grounds exist for the motion."  Motions to
6  reconsider are committed to the discretion of the trial court.  <u>Combs v. Nick Garin Trucking</u>, 825
7  F.2d 437, 441 (D.C.Cir. 1987); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).  To
8  succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to
9  reverse its prior decision.  <u>See</u>, e.g., <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp.
10 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.
11 1987).
12      Here, Petitioner fails to meet the requirements for granting a motion for reconsideration.
13 Petitioner argues that he was not served a copy of Respondent's motion to dismiss; therefore, he
14 was unable to address the arguments set forth by Respondent.  However, Petitioner did in fact
15 address Respondent's motion to dismiss in his objections, (Doc. No. 24 at pp. 4-12), and the
16 Court considered those arguments prior to issuing its ruling. Therefore, there are no grounds for
17 reconsidering the order granting Respondent's motion.

**ORDER**

19     Accordingly, it is HEREBY ORDERED that Petitioner's motion for reconsideration (Doc.
20 28) is DENIED.

IT IS SO ORDERED.

   Dated:  **March 6, 2017**            /s/ Lawrence J. O'Neill
                                                  UNITED STATES CHIEF DISTRICT JUDGE